PINESBRIDGE FARM, INC., Plaintiff, *v.* BLOOMINGDALE BROS., INC., Defendant.

Supreme Court, Westchester County, March 22, 1941.

*John P. Powers,* for the plaintiff.

*Proskauer, Rose & Paskus,* for the defendant.

PATTERSON, J. This is a motion for a temporary injunction in an action for a permanent injunction brought under the so-called

Fair Trade Law (General Business Law, art. 24-A, added by Laws of 1940, chap. 195; formerly Laws of 1935, chap. 976).

The plaintiff seeks to enjoin the defendant from advertising, offering for sale or selling its products at prices less than the price fixed by the plaintiff in an alleged fair trade agreement. The answer admits that the defendant had notice of said fair trade agreement and that it has sold and continues to sell plaintiff's product at a price below that fixed by the plaintiff, but alleges by way of defense:

(1) That the plaintiff's fair trade agreement is illegal because part of a fraudulent plan to injure the defendant and deceive the public.

(2) That the plaintiff has itself violated its fair trade agreement by failing to maintain its product in free and open competition, and by consenting and agreeing to the sale of its product at prices below those fixed by the plaintiff in its fair trade agreement; and

(3) That the plaintiff comes into equity with unclean hands.

The facts are not in dispute. Simultaneously with, or shortly after the plaintiff price-fixed its product, smoked turkey pate, it packed the identical product for R. H. Macy & Co. in an identical jar, the only difference being that the container bore a band containing the words, " Lily White " smoked turkey pate, " Lily White " being the alleged trade-mark of R. H. Macy & Co. It is admitted that the plaintiff furnished some jars of the product bearing on the cap the words " Pinesbridge Farm." This, it contends, was an error and that only eight dozen of the jars thus labeled were sold when the error was discovered and that form of packing the product was discontinued. I am convinced that it was an honest error and the plaintiff corrected it as soon as it was called to its attention.

Thereafter the plaintiff packed the very same product as that of the price-fixed product in the jar from which the word " Pinesbridge " was entirely eliminated and bearing only the appellation " Lily White Smoked Turkey Pate," and thereafter this product in that form was and is being sold by Macy at a price below the price-fixed product. The price-fixed product was sixty-five cents. Macy sells the identical product under its trade name of " Lily White " at sixty-one cents or less. The defendant contends that the R. H. Macy Co. makes all representations that the product contained in the jar labeled " Lily White " is identical with the price-fixed product bearing the label of " Pinesbridge Farm," and it is conceded that it is the same article.

The simple question presented is, under the fair trade agreement can the producer sell the same article to retailers to be sold at a price less than that fixed, providing the wrapper or container does

not bear the name or trade-mark of the producer. In other words, is it a violation of the agreement for the producer to permit Macy & Co. to sell the same article at a less price providing it does not bear the trade name or mark of the plaintiff. It seems to be conceded by both parties that the identical question here presented has not been adjudicated in any case that has come to their attention.

The purpose of the Fair Trade Law is to protect the property of the manufacturer or producer in his trade name or trade-mark. It is the contention of the defendant, and not without plausibility, that a manufacturer or producer who seeks the protection of the Fair Trade Law may not discriminate between some of his customers nor may he use the Fair Trade Law to enable some of them to obtain an undue and unfair advantage over his other customers.

The plaintiff counters to this and says that the defendant is at perfect liberty to purchase the same article from it bearing a trade name or mark of the defendant and sell it at a price less than that established for the price-fixed article. Certainly, a manufacturer who seeks to invoke the Fair Trade Law for his own benefit has the obligation of fair dealing to the retailers who are his customers and may not by his own conduct discriminate between some of his customers to the benefit of others. But is the plaintiff discriminating between the customers of the defendant? It says to Macy, " You may not sell under the agreement the product bearing the name ' Pinesbridge Farm ' for less than the fixed price." It says the same thing to the defendant, but it does say to Macy, " You may sell the same article not bearing our label for a price less than the fixed price and it says the same thing to the defendant. There is no discrimination there.

The plaintiff cannot sell the price-fixed article to the defendant at a less price than it sells to all other customers. It cannot grant it a discount, a drawback, a rebate or any such device. That would be discrimination and would be preferring one customer over another, but that is not the instant case. It treats all customers alike who sell its product labeled " Pinesbridge Farm;" it gives to all customers the privilege of buying its products not labeled " Pinesbridge Farm," and selling them at a price below the price fixed for that bearing its label.

It may be true as contended for by the defendant that Macy represents the " Lily White " product as being the same as the " Pinesbridge Farm " product and that is not misrepresentation, but on the other hand, the defendant, if it buys the same product, has the same privilege of so representing.

The purpose of the act was to protect the producer's property, its trade-mark and good will and it would be illy served if the

protection of the act were denied to producers who manufacture similar products under other names. If the defendant desires that his customers should have plaintiff's product at a lower price, it is perfectly free to dispense them at that price provided the good will of the plaintiff is not used in connection with such sales. Apparently, the act does not prevent the producer of the commodity from selling the product without the trade-mark at any price he pleases. It interferes only when he sells with the aid of the good will of the vendor and then only to protect the good will against injury. It does not preclude the producer from removing the mark or trade name from the commodity, thus separating the physical property which he owns from the good will which is the property of another and then selling the commodity at his own price, providing he can do so without utilizing the latter as an aid to that end.

Basicly it does savor of unfair practice and an imposition on the public for any producer to sell the same article at a less price simply because it is packed in a container that does not bear a trade name of the producer. That the Fair Trade Law was intended to do just this, I doubt.

A producer will not be allowed, directly or indirectly, to discriminate unfairly. In availing himself of the benefits of the statute, he must accept its burdens, but has the plaintiff discriminated unfairly? It may not be entirely fair to the customer of the retailer, but has it been unfair to the retailer himself? The defendant relies, among others, on the authority of *American Safety Razor Corp.* v. *International Safety Razor Corp.* (26 F. [2d] 108), but there, as the court contended, the plaintiff manufactured and sold blades under three different trade-marks, which except for the trade-marks were identical, and that the plaintiff advertised its razors as though they were produced by different manufacturers and sold them at different prices, but that is not the case here at all. As to the product furnished to Macy & Co. under the trade name of " Lily White," no representation is made as to who produced the article. It simply reads, " Packed for R. H. Macy & Co." without stating by whom.

I am afraid we have not attained that degree of altruism in business whereby it is incumbent upon a producer to state in effect that it is the producer of the article in question which is the same article as produced and sold by it under a different name.

The question is an interesting one, but it is my conclusion that the plaintiff is entitled to a preliminary order enjoining the defendant from selling, displaying or offering for sale products bearing plaintiff's trade-marks, brands or trade names at prices less than those specified by plaintiff under its fair trade agreement.